# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILLIE HUMPHREY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 07-2892** |
| **BURL CAIN, WARDEN** | * | **SECTION: "F"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On July 28, 1976, petitioner, Willie Humphrey, a prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, was found guilty in Orleans Parish Criminal District Court, following trial by jury, of armed robbery. On September 24, 1976,

petitioner was sentenced, as a multiple offender to 198 years imprisonment. On March 15, 1978, the Louisiana Supreme Court affirmed petitioner's conviction and sentence, *State v. Humphrey*, No. 60956, 356 So.2d 427 (La. 1978), and on June 1, 1979, the state high court denied petitioner's application for "writs of habeas corpus, certiorari and mandamus." *State ex rel. Humphrey v. Blackburn*, No. 64481, 371 So.2d 830 (La. 1979).

It was not until January 19, 1993, that petitioner filed an application for post-conviction relief with the state district court.[1] On February 25, 1993, the state district court denied petitioner's post-conviction application as untimely pursuant to La.C.Cr.P. art. 930.8.[2] Petitioner did not seek relief from the state appellate court, but proceeded to the Louisiana Supreme Court. On October 10, 1995, the state high court denied petitioner's writ application as untimely pursuant to La.C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189. *State ex rel. Humphrey v. Whitley*, No. 93-KH-0746, 661 So.2d 478 (1995).

On or about November 2, 1995, petitioner filed with the state district court a motion to correct an illegal sentence.[3] On November 25, 1995, the state district court denied petitioner's motion to correct an illegal sentence.[4] Despite the above adjudication, petitioner filed a writ application to the Louisiana Supreme Court complaining that the state district

---

[1] State rec., vol. 2 of 2.

[2] *See* Judgment located in State rec., vol. 2 of 2, left side of record.

[3] State rec., vol. 2 of 2.

[4] *See* Minute Entry located in State rec., vol. 2 of 2, left side of record.

2

court had failed to rule upon his motion to correct an illegal sentence. On May 10, 1996, the Louisiana Supreme Court granted the writ application to the extent petitioner's representation that the district court had failed to act timely on his motion to correct an illegal sentence was correct. *State ex rel. Humphrey v. State*, No. 96-KH-0908, 672 So.2d 914 (La. 1996).

A review of the state court record reflects that it was not until September 18, 1997, that petitioner again sought relief from the state district court, filing another motion to correct an illegal sentence.[5] Petitioner, however, prior to that date, sought relief from the Louisiana Supreme Court. This fact is evidenced by the state high court's August 27, 1997 decision denying petitioner's writ application pursuant to La.C.Cr. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So. 2d 1189. *State ex rel. Humphrey v. State*, No. 96-KH-2263, 699 So.2d 64 (La. 1997).[6]

Petitioner signed and filed the instant action for federal habeas corpus relief on March 31, 2007. In its response, the State argues that petitioner's habeas application should be dismissed as time-barred. For the reasons set forth below, the Court agrees that the instant action is untimely.

---

[5]State rec., vol. 2 of 2.

[6]A copy of the pertinent writ application (No. 96-KH-2263) is not contained in the State record. In its response (rec. doc. 9, p. 3), the State represents that "all writ applications to the Louisiana Supreme Court by Petitioner ... remain unavailable following Hurricane Katrina."

3

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[7] *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. However, in situations such as this, where a petitioner's conviction and sentence, along with his corresponding expiration of time for seeking review, pre-date the April 26, 1996 AEDPA effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998). Accordingly, petitioner had until April 24, 1997, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until March 31, 2007, almost ten years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with

---

[7]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

4

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Arguably, petitioner's first writ application, No. 96-KH-0908, to the Louisiana Supreme Court, interrupted the AEDPA's one-year prescriptive period. That writ application, however, ceased to be pending on May 10, 1996, when the Louisiana Supreme Court rendered its opinion. *State ex rel. Humphrey v. State*, 672 So.2d 914 (La. 1996). Accordingly, prescription commenced running at that point and did not stop until over a year later. Petitioner's second writ application, *State ex rel. Humphrey v. State,* No. 96-KH-2263, 699 So.2d 64 (La. 1997), did not interrupt prescription because it was dismissed as untimely pursuant to La. C.Cr.P. art. 930.8. It is well-established that writ applications which are not filed in accordance with a state's procedural requirements, such as rules governing the time of filing, are not considered to be "properly filed" for purposes of interrupting prescription under the provisions of 28 U.S.C. § 2244(d)(2). *See Williams v. Cain*, 217 F.3d 303, 305-308 (5th Cir. 2000); *Villegas v. Johnson*, 184 F.3d 467, 469-470 (5th Cir. 1999). Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause

of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In this case, petitioner sets forth no basis for equitably tolling prescription nor has this Court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed on behalf of petitioner, Willie Humphrey, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __16th__ day of _____June_____, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge